IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-cv-00323-REB-BNB

MARIA ZAGAL,

           Plaintiff,

v.

CIRCLE GRAPHICS, INC., a Delaware corporation,

And

EXCEL PERSONNEL, INC., a Colorado corporation,

           Defendants.

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Maria Zagal ("Plaintiff") and Defendants Circle Graphics, Inc. and Excel Personnel, Inc. (collectively, "Defendants") agree that this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admission, inspection, examinations of premises, facilities and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

<u>**RECITALS**</u>

A.      Plaintiff has sued Defendants for (1) violation of Title VII of the Civil Rights Act of 1964; and (2) negligent supervision and retention.  Defendants deny liability on these claims.

B.      Some of the information the parties may seek or develop through discovery in this case may contain or consist of information that the producing party will claim is confidential,

proprietary, or trade secret information, and, therefore, entitled to protection under one or more of the provisions of Federal Rule of Civil Procedure 26(c).

C.      Nothing in this Stipulated Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information, or trade secrets.  This Stipulated Order is simply a procedural framework to facilitate the discovery process and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case.  No part of this agreement shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential, personal or proprietary business information, and/or trade secrets.

D.      Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Stipulated Order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time, protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.      **"Confidential Discovery Material"** means Discovery Material designated as "Confidential" or "Confidential - Restricted" under the terms of this Order.

B.      **"Designating Party"** means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

2

C.  **"Discovery Material"** means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

D.  **"Producing Party"** means any party or non-party to this action producing Discovery Material.

**TERMS**

**Discovery Material.**

1.      Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order.  The burden shall be on the Designating Party to prove, when and if challenged, that such Discovery Material contains non-public, confidential or personal, proprietary, or commercially or competitively sensitive information that requires the protections provided in this Order.  ~~Subject to the foregoing, Confidential Discovery Material may include, but is not limited to, the following types of information.~~

~~a.   Non-public personal information, including credit or debit card numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information;~~

~~b.   Protected Health Information;~~

~~c.   Federal and state tax records;~~

~~d.   Non-public information relating to proposed sales, advertising, marketing, supplier or product development strategies;~~

3

~~e.   Any material of a confidential nature, including, without limitation, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, customer profiles, customer purchase information, customer complaint and satisfaction information, price information, personally identifying information, policies, financial information, marketing information, compensation information, plans and formulae, and personnel information;~~

~~f.   Non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case); and~~

~~g.   Any other material qualifying for protection under Fed. R. Civ. P. 26(c)(7) and/or C.R.S. § 7-74-101 et seq.~~

2.   Confidential Discovery Material, and information derived from Confidential Discovery Material, shall be used solely for purposes of this action and shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

**Designation Procedure.**

3.   The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing or Designating Party:

a.   In the case of documents or other materials (apart from depositions or joint witness interviews), by stamping each and every page to be designated "Confidential" with the legend "Confidential."

b.   In the case of depositions or joint witness interviews, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential."  Such testimony may also be designated by written notice from counsel for the Designating Party to the

4

court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned.  To be effective, such notice must be sent within 21 days of the date on which the reporter mails a copy of the transcript to counsel for the Designating Party, or, if such counsel has not ordered a transcript, within 21 days of the date that the reporter notifies counsel that the original transcript is available for review.  In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

c.      In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

d.      In the case of any production of Discovery Materials produced or disclosed prior to the entry of this Order, a written statement sent, within twenty-one (21) days of entry of this Order, by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

e.      In the case of any other production of Discovery Materials not otherwise covered by this Order or specifically identified above, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

f.      The parties to this Order may modify the procedures set forth in paragraphs 3(a)-(e) hereof through agreement of counsel on the record at such deposition or, in

the case of a joint witness interview, in the presence of counsel attending such interview, without further order of the Court.

**Use Of Confidential Material.**

Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a.      The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal from this action;

b.      Any named party, outside counsel to such parties whether or not they have entered appearances in this action, in-house counsel for the corporate parties, and legal, clerical, paralegal, secretarial, and interpreting staff employed or retained by outside or in-house counsel, including outside copying or mail services;

c.      Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 6;

d.      Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order, or (ii) if such witness refuses to sign an Undertaking, and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Confidentiality Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, that the witness is subject to the Confidentiality Order

and that any misuse of the Confidential Discovery Material will violate the Court's Order and will be punishable as a contempt of Court.

   e. An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

   f. The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is make only in connection with a claim for a defense or indemnity arising from this action, and provided that such claims counsel or representative signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

   g. Any individual identified by a party as a person with knowledge under Rule 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs an Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

   h. Any other person agreed to by the producing party in writing.

   i. Nothing in this paragraph is intended to alter a party's obligation, if any, to produce Confidential Discovery Material to the opposing party under the Federal Rules of Civil Procedure.

**Designation Disputes.**

Any party may challenge an opponent's designation of any Discovery Materials as "Confidential," by serving written notice describing the basis for the challenge on counsel for the Producing Party. The party seeking to designate material as Confidential shall respond within ten days unless a longer time to respond is agreed to by the parties. If the parties are unable to resolve their dispute, the party seeking to protect the material as Confidential Information may file an appropriate motion with the court within ten days of the expiration of the ten days referenced in the preceding sentence, unless a longer time is agreed to by the parties. ~~The party opposing the designation shall file a response within the time specified by D.C.Colo.LCivR 7.1 or other time specified by the Court after service of the motion, unless a longer time is agreed to by the parties.~~ If the producing/designating party makes such a motion, the Discovery Material shall continue to be deemed "Confidential" under the terms of this Order, until the Court rules on such motion. If no such motion is made, the material shall no longer be designated Confidential. In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the Producing Party or Designating Party to sustain the burden of establishing the appropriateness of the classification under Fed. R. Civ. P. 26(c)(7) and/or C.R.S. § 7-74-101 *et seq*. A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

**Use of Confidential Discovery Material By Experts.**

Notwithstanding anything contained in paragraph 4, Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions, or to otherwise assist counsel in the

prosecution or defense of this action.  Before receiving any such material, such consultant or expert shall sign an Undertaking in the form attached hereto as Exhibit A, thereby agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use such Confidential Discovery Materials for purposes other than those permitted by this Order.

**Other Provisions.**

No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in subsections (A) – (C) and (F) of paragraphs 4.  To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

When filing any documents that contain information designated Confidential Discovery Material, such documents shall be filed in accordance with the requirements of D.C.COLO.L.Civ.R 7.2 ~~and 7.3.~~

In the event that any Confidential Discovery Material is used in any court proceeding in this action or any appeal from this action, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera.  ~~No party, other than the party who designated the particular material as who has received Confidential Discovery Material shall offer Confidential Discovery Material into evidence, or otherwise tender Confidential Discovery Material to the Court in any court proceeding, without first advising the Court and the Designating Party or Producing Party of its intent to do so; notification is satisfied by provision of an exhibit list or copy of exhibits to be proffered.  At that point, the Designating Party may seek such protection from the Court as it~~

~~deems appropriate, including the exclusions of persons and witnesses from the Court and the~~

~~sealing of the pertinent parts of the Court records.  The use of Confidential Discovery Material in~~

~~any court proceeding shall not prejudice or limit in any way the rights of any person to petition~~

~~the Court for such further protective measures as may be necessary to protect the confidentiality~~

~~of such material.~~

The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation.  Counsel for the parties shall be entitled to retain Confidential Discovery Material or court papers, deposition and trial transcripts, and attorney work product that contain Confidential Discovery Material or references thereto; provided that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such Confidential Discovery Material, court papers, or attorney work product except pursuant to court order or agreement with the Producing Party and Designating Party.

If any person receiving and in the possession custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Producing and Designating Parties, assuming the provision of such notice is not forbidden by law or legal authorities.  The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal

process seeking Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

Neither this Order, the production or receipt of Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Order, shall:

a.      Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

b.      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

c.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any Confidential Information the party asserts requires or should be subject to other or further protection;

d.      Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular Discovery Material; or

11

e.      Prejudice in any way the rights of a party to contest the designation of any Discovery Material  as "Confidential."

14.     Nothing in this Order shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that such party produced and designated as Confidential Discovery Material in connection with this action.

15.     Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

16.     This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation.

Dated July 13, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

SO STIPULATED AND APPROVED:

Dated:  July 11, 2011.

**THE LAW OFFICE OF PAUL MAXON, P.C.**

_s/Paul Maxon_
Paul Maxon
1919 14th Street, Suite 808
Boulder, Colorado 80302
Telephone: 303.473.9999
Facsimile: 303.473.9993

paulmaxon@maxonlaw.com
Attorneys for Plaintiff Maria Zagal

**HALL & EVANS, LLC**

_s/Paige K. Treptow_
Paige K. Treptow
1125 17th Street, Suite 600
Denver, Colorado 80202
Telephone: 303.628.3300
Facsimile: 303.293.3252
treptowp@hallevans.com
Attorneys for Defendant Excel Personnel,
Inc.

**LITTLER MENDELSON, P.C.**

_s/ Allison R. Cohn_
Erin A. Webber
Allison R. Cohn
1200 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: 303.829.6200
Facsimile: 303.362.8427
ewebber@littler.com
Attorneys for Defendant Circle Graphics,
Inc.

13

**CASE NO. 11-CV-00323-REB-BNB**

**MARIA ZAGAL,**

       **PLAINTIFF,**

**V.**

**CIRCLE GRAPHICS, INC., A DELAWARE CORPORATION,**

**AND**

**EXCEL PERSONNEL, INC., A COLORADO CORPORATION,,**

       **DEFENDANTS.**

**EXHIBIT "A"**

**UNDERTAKING OF STIPULATED PROTECTIVE ORDER**

I, _____, declare that:

      My address is_____.

      My present employer is _____ _____.

      I have read and know the contents of the Stipulated Protective Order entered in the above-entitled action.

      I understand that I am bound by the terms of the Stipulated Protective Order.

      I subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the Stipulated Protective Order.

      I declare under penalty of perjury under laws of the United States of America that the forgoing is true and correct.

Dated this ___ day of _____, 20__.

                              _____

14